UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORDELL GLOVER and MAYRA RIOS, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE PROPERTY OWNER SAMMY, <br><br> Defendant. | Civil Action No. 24-00011 (JXN) (JRA) <br><br> **OPINION** |

**NEALS**, District Judge

This matter comes before the Court upon *pro se* Plaintiff Cordell Glover's ("Glover" or "Plaintiff") application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1-1) and Complaint (ECF No. 1) seemingly against his landlord, John Doe Property Owner Sammy ("Defendant").[1]

The Court has reviewed the IFP Application and screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. Although the Court grants Plaintiff leave to proceed without prepayment of fees, Plaintiff's Complaint is dismissed without prejudice for failure to state a claim for relief under the Fourteenth Amendment. Plaintiff has not plausibly alleged that his landlord, Defendant John Doe Property Owner Sammy ("Defendant"), was acting under color of state law.

**I.   BACKGROUND**

Plaintiff filed this action on January 2, 2024,[2] against Defendant for violating his Fourteenth Amendment rights by not "fixing, repairing, [or] removing [a] defective stove" that

---

[1] Although Plaintiff provides the address of what seems to be his former apartment, he refers to Defendant as "John Doe Property Owner Sammy." (ECF No. 1 at 1.)

[2] Plaintiff files this application from the Hudson County Jail, where he is a pretrial detainee. (*See* ECF No. 1 at 2.)

1

allegedly caused Plaintiff and his fiancée, Mayra Rios,[3] carbon monoxide poisoning. (*Id.* at 4.) Plaintiff claims to have contacted the owner of his apartment building, presumably to report a defective stove. (*Id.* at 5.) Thereafter, on or about July 12, 2023, Plaintiff's fiancée fell in a convenience store and was brought home by a friend. (*Id.*) That evening, Plaintiff alleges that he had to take his fiancée to the emergency room. (*Id.*) Plaintiff provides no further details related to his Fourteenth Amendment claim. (*See id.*)

## II.   **LEGAL STANDARD**

Once an application to proceed *in forma pauperis* has been adjudicated, the Court may screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6). *See* 28 U.S.C. §§ 1915(e)(2)(B); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation

---

[3] The Court notes that Glover has also listed his fiancée, Mayra Rios ("Rios"), as a plaintiff in this matter. However, Rios has not submitted her own IFP Application or signed on to this Complaint. In cases with joint *pro se* plaintiffs, "*each* of the litigants proceeding . . . must obtain [IFP] status." *Bey v. Stumpf*, 825 F. Supp. 2d 537, 551 (D.N.J. 2011) (citing *Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009)). Furthermore, while under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in federal courts, "that right does not extend to permit non-attorney litigants to represent others." *Prater v. Liberty Mut. Ins. Co.*, 443 F. Supp. 3d 586, 588-89 (E.D. Pa. 2020) (citing *Osei-Afriye v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991)). Therefore, this Court will only consider Glover's IFP Application and Complaint.

omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), (a)(2), (d). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Even *pro se* litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisma v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018).

### III. <u>DISCUSSION</u>

#### A. Plaintiff Has Article III Standing

Under Article III of the U.S. Constitution, in order for a federal court to assert its jurisdiction over a case, "the plaintiff must [show that they] have a personal stake in the case—in other words, standing." *Richard Roe W.M. v. Devereux Found.*, 650 F. Supp. 3d 319, 326 (E.D. Pa. 2023) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)); *Thorne v. Pep Boys*, 397 F. Supp. 3d 657, 665 (E.D. Pa. 2019). "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." *Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). Plaintiff may establish

standing by "demonstrat[ing] (1) injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016). "To satisfy th[e injury-in-fact] requirement, the alleged injury must be 'particularized,' in that it 'must affect the plaintiff in a personal and individual way.'" *In re Schering Plough Corp.*, 678 F.3d 235, 245 (3d Cir. 2012) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). A mere assertion that there is an injury is not enough to meet the injury-in-fact element of Article III standing. *See Finkelman*, 810 F.3d at 193.

While the injury-in-fact requirement is "very generous to claimants," there still must be an allegation of a "specific, identifiable trifle of injury." *Cottrell v. Alcon Lab'ys*, 874 F.3d 154, 162 (3d Cir. 2017) (quoting *Bowman v. Wilson*, 672 F.2d 1145, 1151 (3d Cir. 1982)). Plaintiff here asserts that he experienced carbon monoxide poisoning, although he makes no further allegation that he suffered harm arising from his exposure to the toxin. (*See* ECF No. 1 at 4-5.). Courts in this Circuit have consistently held that the "exposure to toxic substances is sufficient for purposes of Article III standing." *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, No. 2875, 2021 WL 100204, at *12 (quoting *Reilly v. Ceridian Corp.*, 664 F.3d 38, 45 (3d Cir. 2011)); *see also Buzzerd v. Flagship Carwash of Port St. Lucie, Inc.*, 397 Fed. App'x 797, 800 (3d Cir. 2010) (stating that carbon monoxide is a toxic chemical for the purposes of tort claims). Plaintiff's assertion that he has suffered carbon monoxide poisoning alone, therefore, is enough at this stage to show that he "himself [is] among the injured," establishing the injury-in-fact element of standing. *See Schering Plough*, 678 F.3d at 245 (quoting *Lujan*, 504 U.S. at 563); *see also In re BPS Direct, LLC*, 705 F. Supp. 3d 333, 349 (E.D. Pa. 2023) (citation omitted) (holding that to

4

establish injury-in-fact at the motion-to-dismiss stage, "allegations need not be crafted with precise detail, nor must the plaintiff prove his allegations of injury").

Traceability, the second requirement of Article III standing, requires that "the alleged injury-in-fact is causally connected and traceable to an action of the defendant[]." *The Pitt News v. Fisher,* 215 F.3d 354, 360 (3d Cir. 2000). This requirement is akin to "but for" causation in tort, and the Third Circuit has "found the traceability requirement [is] met even where the conduct in question might not have been a proximate cause of the harm." *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 418 (3d Cir. 2013) (citing *The Pitt News*, 215 F.3d at 360-61); *see also Tignor v. Dollar Energy Fund, Inc.*, 745 F. Supp. 3d 189, 196-97 (W.D. Pa. 2024). Although the Plaintiff has provided limited information, a finding of a causal link is reasonable in this case. Plaintiff has alleged both that he has suffered from carbon monoxide poisoning and that Defendant is the cause of this injury because he did not fix Plaintiff's stove. (*See* ECF No. 1 at 4-5.) Indeed, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice [to establish causation], for on a motion to dismiss[, a court must] presume that [the] general allegations [asserted] embrace those specific facts that are necessary to support the claim." *Thorne*, 397 F. Supp. 3d at 665 (quoting *Lewis v. Casey*, 518 U.S. 349, 357-58 (1996)). Accordingly, Plaintiff has pleaded the minimal facts needed to show causation.

To establish the final element of standing, redressability, a plaintiff must show that he "personally would benefit in a tangible way from the court's intervention." *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 482 (3d Cir. 2016) (Smith, J., concurring); *see also Lujan*, 504 U.S. at 561 ("It must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."). A court's redressability determination is "closely related" to its causation inquiry, "because an injury caused by the defendant is likely to

be redressed by a judgment against them." *Devereux*, 650 F. Supp. 3d at 335. Thus, because Plaintiff here was able to establish both injury and causation, it is likely that a judgment against Defendant would sufficiently alleviate the alleged harm caused to Plaintiff. *See id.* (citing *Toll Bros. v. Twp. of Readington*, 555 F.3d 131, 142 (3d Cir. 2009)).

### B. Plaintiff May Not Assert a Fourteenth Amendment Claim against a Private Actor

In the Complaint, Plaintiff alleges that Defendant is liable under 42 U.S.C. § 1983 for "violat[ing his] 14th Amend[ment] Right sus[b]tentively via not fixing, repairing, [or] removing defect[ive] stove that caused myself and fianc[ée] Mayra Rios carbon[ m]onoxide poison with Deliberate indifference." (ECF No. 1 at 4.)

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to set forth a Section 1983 claim, a complaint must allege not only the violation of a right secured by the Constitution or laws of the United States, but also that the alleged deprivation was committed by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted).

Plaintiff may not assert a Fourteenth Amendment claim against his landlord at all. "[I]t is well-settled that the Fourteenth Amendment does not apply to private parties." *Gibson v. Johnson & Johnson*, No. 22-cv-4383, 2023 WL 4851413, at *4 (E.D. Pa. July 28, 2023) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Ass'n*, 531 U.S. 288, 295 (2001)); *see also Klavan v. Crozer-Chester Med. Ctr.*, 60 F. Supp. 2d 436, 441 (E.D. Pa. 1999) (citing *Jackson v. Metro. Edison Co.*,

6

419 U.S. 345, 349 (1974)) (noting that "[t]he Fourteenth Amendment . . . offers no shield against private conduct"). However, it is "possible" for a private party to be liable under Section 1983 if there is "a sufficiently close nexus between the State and the challenged action [of the private party] so that the action of the latter may be fairly treated as that of the State itself." *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993) (quoting *Jackson*, 419 U.S. at 351). Therefore, as a threshold issue in Fourteenth Amendment claims against private parties, courts must determine whether the defendant's conduct could be considered state action. *See, e.g.*, *Klavan*, 60 F. Supp. 2d at 441. While "[t]he Supreme Court has not developed one unitary test to determine whether there has been state action," courts have used any one of three tests to make such a determination: the "traditional exclusive governmental function" test, the "symbiotic relationship" test, and the "close nexus" test. *Id.*; *see also Sprauve v. W. Indian Co. Ltd.*, 799 F.3d 226, 229-30 (3d Cir. 2015).

The Third Circuit has emphasized, however, that the "heart of the inquiry is to discern if the defendant exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of [the] state." *Klavan*, 60 F. Supp. 2d at 441 (quotations omitted). Acknowledging the "murk[iness]" of the analyses used to determine state action, our Circuit has advised that "[i]t may [sometimes] be unnecessary to traverse [the] difficult terrain" of choosing and applying one of these tests when it is clear whether the private party is engaged in state action. *See Sprauve*, 799 F.3d at 229-30 (3d Cir. 2015) (quoting *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 378 (1995)). Here, Plaintiff has made no allegation at all that his landlord was a participant in state action against him. (*See generally* ECF No. 1.) Even if he did make such an allegation, however, it is well-settled that private landlords are not public actors for the purposes of constitutional claims. *See, e.g.*, *Rosado v. Chester Cnty.*, No. 24-cv-6087, 2025 WL 553357, at *9 (E.D. Pa. Feb. 19, 2025) (citing substantial caselaw dismissing constitutional

claims against private landlords); *Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (affirming determination that landlord was not a state actor and could not be sued under a constitutional claim); *Dejesus v. Vicky*, No. 21-1403, 2021 WL 1546228, at *3-4 (E.D. Pa. Apr. 20, 2021) (finding that employee of apartment complex and the rental company itself were not state actors for purposes of constitutional claims). Thus, Plaintiff cannot sustain his Fourteenth Amendment claim against Defendant, his private landlord. Accordingly, Plaintiff's Fourteenth Amendment claim must be **DISMISSED**.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's IFP Application (ECF No. 1-1) is **GRANTED,** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. An appropriate Form of Order accompanies this Opinion.

**DATED:** August 5, 2025

**JULIEN XAVIER NEALS**
**United States District Judge**